## Wytheville

## EAST V. ATKINSON.

### June 10, 1915.

### Absent, Cardwell, J.

1. STATUTE OF FRAUDS—*Parol Contract for Sale of Land—Part Performance—Specific Performance.*—Where a person has entered into the possession of land and made improvements upon it under a parol contract for its purchase, a court of equity will decree the specific performance of the contract where the parol agreement is certain and definite in its terms, the acts proved in part performance refer to, result from or were made in pursuance of the agreement proved, and the agreement has been so far executed that a refusal of full execution would operate a fraud on the party and place him in a situation which does not lie in compensation.

2. VENDOR AND PURCHASER—*Failure to Pay Purchase-Money—Forfeiture.*—Where the purchaser of land has failed to meet his deferred payments, and time is not of the essence of the contract, the vendor has no right of his own will and without prior notice to the purchaser to declare the purchaser's contract forfeited. The vendor's measure of recovery is the principal sum due, with legal interest thereon.

Appeal from a decree of the Circuit Court of Pittsylvania. county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Clement & Clement,* for the appellant.

*H. Dillard* and *Samuel A. Anderson,* for the appellee.

KELLY, J., delivered the opinion of the court.

This suit was brought by W. P. Atkinson to enforce the specific performance of a contract whereby, as he alleges, Mrs. Scenia Ann Yeatts agreed to sell to him 98 acres of land. The decree of the circuit court awarded the relief prayed for, and this appeal is brought by G. W. East, who has succeeded to the rights and liabilities of Mrs. Yeatts under the alleged contract.

The following are the essential facts: In August, 1905, Atkinson contracted with John Hodnett, his father-in-law, for the purchase of about 154 acres of land, of which the 98 acres here involved is a part. He gave Hodnett his bond, effective January 1, 1906, for $796.00, the amount of the purchase price, was placed in possession, moved into the dwelling house on the land, and has resided there ever since. He was a man of small means and bought the place for a home. By deed of November 28, 1906, Hodnett, in furtherance of an understanding between Atkinson and Mrs. Yeatts, conveyed to the latter the said 154 acres for a consideration of $839.78 in cash, the amount of Atkinson's bond to Hodnett with its accumulated interest. It was understood when this conveyance was made that Mrs. Yeatts would cut off and sell to Atkinson the said 98 acres at the price of $519.21, payable in annual instalments of $100.00 each with interest. Accordingly, G. W. East, acting for his aunt, Mrs. Yeatts, procured a survey and plat of the 98 acres and also prepared a bond for $519.21, which was dated March 11, 1907, and executed by Atkinson to Mrs. Yeatts. This bond showed on its face that it was for the purchase price of the 98 acres, referred to the survey and plat aforesaid, and recited that payment was to be made at the rate of $100.00 a year with interest, until discharged. The dwelling then occupied by Atkinson was situated on the 98 acres and he has remained in exclusive pos-

session of the land.    He has kept up the interest on the bond and paid a small part of the principal.  The bond was written by East, and all of the payments were endorsed thereon in his handwriting.    The last payment of $30.00, covering the interest for the year 1911, was made to East after the death of Mrs. Yeatts.    There is no question about the fact that Atkinson has occupied the land under and by virtue of the contract and that upon the faith of it he has improved the residence, built a stable, planted an orchard, cleared some of the woodland and dealt generally with the property as his own, all with the knowledge and acquiescence of Mrs. Yeatts and G. W. East, who resided together and within a short distance of the land.    Mrs. Yeatts died intestate in April, 1911.    G. W. East's mother, Mrs. N. E. East, and his aunt, Mrs. L. M. Motley, were Mrs. Yeatts' only heirs.    On the 19th of June, 1912, Mrs. East and Mrs. Motley, for an expressed consideration of $5.00 and natural love and affection for their son and nephew, conveyed to him the entire tract of 154 acres aforesaid, ignoring Atkinson's contract.    It is shown that Mrs. Yeatts did not demand at any time that Atkinson should pay the principal of the bond, being content to receive the interest.    No demand was ever made on him for the payment of the bond, and on March 25, 1912, after the death of Mrs. Yeatts, he tendered to G. W. East $30.00 to cover the interest for the year 1911, and $25.00 to be credited on the principal.  East accepted $30.00 for the interest and credited the same upon the bond, but refused the $25.00 and, to use his own words, "then and there declared the contract forfeited and demanded possession of the place."    In a short time thereafter, but before this suit was brought, Atkinson tendered to East the full amount due upon the bond and requested a conveyance, but East declined to accept the money and refused to make the conveyance, and Atkinson thereupon instituted suit.

The circuit court was of opinion, and so held, that the bond of Atkinson, and the various receipts which were given by Mrs. Yeatts for the payments thereon, did not constitute sufficient written evidence to take the contract out of the statute of frauds. This view is controverted by counsel for Atkinson in a cross-assignment of error. It is also contended that the statute of frauds cannot be relied upon in this case by the appellant because (as claimed for appellee) he did not insist upon it in his answer or otherwise, but based his defense upon the appellee's failure to comply with a contract the terms of which were admitted.

We do not find it necessary to pass on either of these contentions, because, waiving them, and conceding that the contract was not sufficiently evidenced by writing, and that the statute was adequately insisted upon, we think the decree complained of properly directed the specific performance of the agreement.

The contract was entirely certain, definite and clear in its terms; Atkinson was in possession when the contract was made and continued in exclusive possession until this suit was brought; this possession was admittedly held under the contract made with Mrs. Yeatts; the improvements were not costly or extensive, worth at most not over $300, but they were directly referable to and in pursuance of the contract, and, viewed in the light of the value of the land, the plaintiff's means and station in life, and the fact that he was trying to convert the property into a permanent home, they were of substantial and peculiar value.

The case on behalf of the appellee, as it appears in the record before us, meets all the requirements of the rule established in Virginia for compelling the specific execution of a partly performed verbal contract for the sale of land.

"From the numerous decisions on the subject the following principles may be extracted and briefly stated as follows: 1st. The parol agreement relied on must be certain

and definite in its terms. 2d. The acts proved in part performance must refer to, result from or be made in pursuance of the agreement proved. 3d. The agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party and place him in a situation which does not lie in compensation. Where these three things concur a court of equity will decree specific execution." *Wright* v. *Puckett,* 22 Gratt. (63 Va.) 374. See also, *Lester* v. *Lester,* 28 Gratt. (69 Va.) 737; *Henley* v. *Cottrell Real Estate Co.,* 101 Va. 70-73, 43 S. E. 191; *Plunkett* v. *Bryant,* 101 Va. 814-818, 45 S. E. 742; *Reed* v. *Reed,* 108 Va. 794, 62 S. E. 792.

The fact that Atkinson had not paid the instalments of purchase money as they became due does not, under the other facts of this case, constitute a valid defense to the bill. The plain terms of the contract and the conduct and dealings of the parties preclude any claim that time was of the essence of the contract. Neither Mrs. Yeatts nor G. W. East ever made any demand upon Atkinson for the principal of the bond, and, when on March 25, 1912, East undertook to declare the contract forfeited for non-payment of the purchase money, he did so without giving Atkinson the reasonable notice to which he was entitled under the law. Under these circumstances East had no right to declare the contract forfeited, and is not entitled to anything more than interest as the measure of his damage for the delay in the payment of the purchase money. *Booten* v. *Scheffer,* 21 Gratt. (62 Va.) 491; *Smith* v. *Proffit,* 82 Va. 832-849, 1 S. E. 67; *Bethel, &c. Co.* v. *Salem Imp. Co.,* 93 Va. 354-359, 25 S. E. 304, 33 L. R. A. 602, 57 Am St. Rep. 808; *Secombe* v. *Steel,* 61 U. S. (20 How.) 94-104 (15 Law Ed. 833-836) ; Pomeroy on Contracts, sec. 393.

The decree of the circuit court was right and will be affirmed.

*Affirmed.*