## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

### SHIELD AND OTHERS V. ADKINS & COMPANY AND OTHERS.

June 10, 1915.

Absent, Kelly, J.*

1. SPECIFIC PERFORMANCE—*Parol Trust in Land—Nature of Agreement—Statute of Frauds.*—An express trust in real estate can be created in this State by a parol agreement and will be enforced by a court of equity, but, in order to justify such enforcement, the agreement must be certain and definite in its terms, the acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved, and the agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation.

2. SPECIFIC PERFORMANCE—*Nature of Contract.*—The first requisite of a contract to entitle one to its specific performance in equity is certainty and definiteness in its terms, and all of these terms must have been fully agreed to by the parties and none of them to be determined by future negotiations. The contract sought to be enforced must be made to appear reasonable, clear and definite, both as to terms and subject, and mutual in obligation and remedy.

3. PARTNERSHIP—*Agreement to Form.*—An executory agreement to form a partnership to go into effect at a future day does not constitute a partnership.

4. PARTNERSHIP—*Essentials—Case in Judgment.*—In every partnership there is a community of interest, though every community of interest does not create a partnership. There must be a joint ownership of the partnership funds or a right of control over them, and also an agreement to share the profits or losses arising therefrom. These elements are wholly wanting in the case in judgment.

---

*Argued before Judge Kelly's term began.

Appeal from a decree of the Circuit Court of the city of Williamsburg and the county of James City. Decree for the defendants. Complainants appeal.

*Affirmed.*

*Henley, Anderson & Hall* and *Westcott & Turlington,* for the appellants.

*Bruce Simmons, J. Brooks Mapp* and *F. Leonard Wailes,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

The bill in this cause, as amended, filed by F. A. Shield and W. L. Shield against E. S. Adkins.& Co., Dale Adkins and others, shows that on or about the —— day of February, 1913, the complainants agreed with the defendant, Dale Adkins, who was acting for himself and said E. S. Adkins & Co., to purchase for their joint benefit and interest a certain tract of land situated near the city of Williamsburg, James City county, Va., known as "Spratley," held for sale by one Potts, the land to be held and owned by complainants and the timber thereon by the defendants, E. S. Adkins & Co., and which land and timber the said Dale Adkins, acting for himself and said E. S. Adkins & Co. did actually purchase, but had the same conveyed absolutely and entirely to said E. S. Adkins & Co., who now deny that the land was purchased for complainants' benefit, or that they have any interest therein. The bill further shows that the purchase was made after several conferences between complainants and Dale Adkins and after inspection of the premises and examination of the timber by both, according to previous appointment, a distinct agreement was reached whereby the said Dale Adkins, acting for himself and E. S. Adkins & Co., would purchase the said property

78

at the sum of $30,000, for the joint benefit and interest of complainants, and the said company, the timber to be owned and held by said company and the land by complainants, they to pay $18,000 of said purchase money and the said company the rest or residue thereof, and with the further understanding that the complainants were to be furnished with $2,000 worth of manufactured lumber for buildings to be erected upon the said property, for which total sum of $20,000 complainants were to give their joint note secured by deed of trust on the land; that this agreement was then and there reduced to writing by said Dale Adkins in a memorandum book retained by him, but complainants did not know and therefore could not say that the said writing was signed by the said defendants or either of them; that complainants relied upon the said Dale Adkins to carry out the understanding and agreement to purchase the said property, as in the bill set forth, and negotiated for a loan of sufficient funds with which to pay cash for their portion of said property, to-wit, the land exclusive of the timber thereon, and that complainants' portion of said purchase price for the whole property was afterwards tendered to said Dale Adkins, acting for himself and E. S. Adkins & Co., but was refused by him upon the sole ground that the said property was worth more than he had paid for same, and then and there informed the complainants that the proposition to sell them the land, exclusive of the timber, at the price and upon the terms that complainants claimed that they were to obtain a conveyance for the same was withdrawn.

The avowed object of the bill, as amended, is to enforce the alleged parol express trust, the prayer for relief being that the defendants, E. S. Adkins & Co., Dale Adkins, Bruce Simmons, trustee in a deed of trust upon said property of May 12, 1913, and Thos. N. Potts, special commissioner and beneficiary under said deed of trust, and each

of them be compelled to perform and comply with the contracts and agreements set forth in the bill, and to receive the sum of $20,000 for the tract of land described and known as "Spratley," exclusive of the timber thereon, and $2,000 worth of manufactured lumber, free from lien, etc.

Dale Adkins and E. S. Adkins & Co. appeared and filed their joint demurrer to the original and amended bill, setting forth the grounds of their demurrer in writing, upon which demurrer the complainants joined issue; whereupon the court sustained the demurrer and entered its decree dismissing the bill, and from that decree the complainants appeal.

The first question presented, viz: Can an express trust in real estate be created in this State by a parol agreement, has recently been before this court and decided in the case of *Young* v. *Holland, ante,* p. 434, 84 S. E. 637, where, in the opinion of the court by Keith, P., the question is fully and conclusively discussed, citing and reviewing all of the authorities having a material bearing thereon, and it is held that such a trust was lawful and could be enforced at common law, and the common law in that respect not having been changed by statute in this State, such an express declaration of trust can still be enforced; that an oral declaration of trust being lawful and enforcible in this State, and being in the nature of things provable by oral evidence only, the rule forbidding the admission of parol evidence to vary, contradict, add to or explain the terms of a written instrument does not apply.

While, therefore, an express trust with respect to real estate or an interest therein, may in this State be created by parol and is enforcible in a court of equity, the application to the court for the enforcement of the trust must set forth a contract that is clear, definite and unequivocal in all its terms, since it is elementary that there can be no contract unless the minds of the parties have met and

mutually agreed, and specific performance will not be decreed where this requisite is lacking.

"Equity requires a clear mutual understanding and a positive assent on the part of each party. An offer must be accepted in the terms and form submitted or there is no valid assent, such as will create a contract which may be specifically enforced.

"Where the court is unable from all the circumstances of the case to say whether the minds of the parties met upon all the essential particulars, or if they did, then cannot say exactly upon what substantial terms they agreed, or trace out any practical line where their minds met, specific performance will be refused." *Creecy* v. *Grief,* 108 Va. 320, 61 S. E. 769, and authorities cited.

A bill for the specific enforcement of a contract which fails to set forth clearly, definitely and unequivocally the contract, with respect to which the minds of the parties have met and mutually agreed, is bad on demurrer, for the obvious reason that the proof in the case must correspond with the allegations of the bill, and if they do not set forth all of the requisites of a bill for specific performance, the complaining party, according to the established rule, will be left to seek compensation in damages in a court of law. *Henley* v. *Cottrell R. E. Co.,* 101 Va. 70, 43 S. E. 191.

In the case cited, and the still later case of *Plunkett* v. *Bryant,* 101 Va. 814, 45 S. E. 742, the well settled principles upon which a court of equity will avoid the statute of frauds and enforce a parol agreement for the sale of land, are stated to be: "(1) the parol agreement relied on must be certain and definite in its terms; (2) the acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved; and (3) the agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party, and place

him in a situation which does not lie in compensation. These requisites must concur before a court of equity will decree specific performance.   *   *   *   Until acts are alleged, which of themselves imply the existence of such a contract, parol evidence to show its terms is inadmissible."

In *Pierce's Heirs* v. *Catron's Heirs,* 23 Gratt. (64 Va.) 595, the same principles are recognized, and in referring thereto the opinion of the court says: "The reason is obvious enough, for a court of equity ought not to act upon con- jectures, and one of the most important objects of the statute of frauds was to prevent the introduction of loose and indeterminate proofs of what ought to be established by solemn written contracts."

See, also, 36 Cyc. 543, *et seq.,* where, at page 544, this authority says: "Equity often enforces contracts in the teeth of the statute of frauds, basing its action in such case on the supposed equities growing out of plaintiff's change of position in reliance on the contract."

In the case in judgment the amended bill does not rest the right of complainants to a specific performance of the contract alleged on either the second or third grounds set out above, but mainly if not solely upon the ground set out as follows:

"Whereupon your said complainant, W. L. Shield, went to Keller, Virginia, and on said Tuesday night met the said Dale Adkins at that place; your complainant, W. L. Shield, at that time not knowing the contents of the letter dated May 14, 1913, more fully mentioned in paragraph '8' of this bill, at which time and place the said Dale Adkins told your said complainant, W. L. Shield, that at the aforesaid meet- ing in Norfolk, Virginia, they found great difficulty in agreeing as to terms with the said Potts, but that after wrangling nearly all night, the following terms were agreed upon; that seven thousand five hundred dollars should be paid in cash, seven thousand five hundred before any tim-

ber should be cut, and the balance, to-wit, fifteen thou-
sand dollars, to be secured by deed of trust, but that the
said Potts would not release the said E. S. Adkins & Com-
pany from responsibility on notes secured by deed of trust,
even though your complainants should buy the property,
unless the deed of trust could be reduced to $10,000.00
instead of $20,000.00, as agreed upon between your com-
plainants and the said defendants, as hereinbefore set
forth. Whereupon your complainant W. L. Shield, acting
for himself and the said F. A. Shield, acquiesced in and
consented to the change in the terms of the agreement there-
tofore had and made between the said parties, and then
and there offered the said sum of $20,000.00 for the said
real estate and timber as hereinbefore set forth. Where-
upon the said Dale Adkins, acting for himself and the said
E. S. Adkins & Company agreed to accept the said sum
of $20,000.00 in cash for the said property, or that your
complainants might reduce the lien indebtedness then on
said property $10,000.00, paying the remainder of the pur-
chase price, to-wit, the sum of $10,000.00, in cash, in either
of which events the said defendants would execute and de-
liver to your complainants a good and sufficient deed, prop-
erly acknowledged for recordation, conveying to them the
said property, free from lien if all of said purchase money
were paid in cash, or subject to a lien of $10,000.00, the
payment of which your complainants were to assume if all
of the purchase money were not paid in cash."

The detailed conversation and alleged understanding and
agreement appearing in that part of the bill just quoted
occurred, as clearly appears from a reading of the whole
bill, after the property in question had been bought and
after legal title thereto had become vested in the defend-
ants, E. S. Adkins & Co. Other conversations between Dale
Adkins and one of the complainants are set out in the bill
and certain letters are filed as exhibits therewith, and other

letters written to and by the defendants were called for, all of which were produced, and upon a reading of the bill and exhibits therewith it plainly appears that the complainants have merely set out certain negotiations with Dale Adkins, acting for himself and E. S. Adkins & Co., for the purchase of the real estate in question, exclusive of the timber thereon, but which negotiations never reached the point at which the minds of the parties met upon all the essential particulars of the proposed contract, so that the parol agreement relied on has not the essential requisites of certainty and definiteness upon which a court of equity would be warranted in enforcing it, regardless of the statute of frauds, but is a case in which the complainants, if any remedy they have, should be left to seek compensation in damages in a court of law.

"The first requisite of a contract to entitle one to its specific performance in equity is certainty and definiteness in its terms." *Litterall* v. *Jackson, &c.,* 80 Va. 604. The contract sought to be enforced must be made to appear reasonable, clear and definite both as to terms and subject, and mutual in obligation and remedy. *Edichal B. Co.* v. *Columbia G. Mining Co.,* 87 Va. 641, 13 S. E. 100; *Berry* v. *Wortham,* 96 Va. 87, 30 S. E. 443.

In the last-named case the opinion by Harrison, J., says: "It is an elementary doctrine of courts of equity that they will not specifically enforce any contract unless it be complete and certain. In order that any agreement, whether covered by the statute or not, whether written or verbal, may be specifically enforced, it must be complete in all its parts; that is, all the terms which the parties have adopted, as portions of their contract, must be finally and definitely settled, and none must be left to be determined by future negotiations; and this is true without any regard to the comparative importance of these several terms. Pom. Spec.

Perf. of Con., sec. 145; *Darling* v. *Cumming,* 92 Va. 521, 23 S. E. 880."

It is urged upon us, however, by the learned counsel for the complainants, that though their bill could not be entertained to enforce an express trust created by parol and regardless of the statute of frauds, its allegations are sufficient as setting up a *quasi* partnership created between complainants and the defendants, whereby a trust relation existed between them with respect to the land in question, provable by parol and enforcible in a court of equity, and in support of that proposition cite only the case of *Miller* v. *Ferguson,* 107 Va. 249, 57 S. E. 649, 122 Am. St. Rep. 840, 13 Ann. Cas. 138.

The facts in the case cited were not at all similar to the facts stated in the bill in this case. In the first case the complainant had at the outset suggested the purchase of the real estate in question, had talked the matter over with the owner of the land and the agreement between the complainant with the respondents was that the land to be purchased should be owned equally and jointly and that the profits arising from the purchase and resale of the entire tract were to be shared equally between the parties to the agreement. Upon a review of the evidence in that case it clearly appeared that a partnership agreement had been entered into between the appellant and appellees, having in view the purchase of a designated piece of real estate for speculation and after a recital of the facts in the opinion of the court by Whittle, J., as to the lack of good faith and fair dealing on the part of the appellees and reviewing the authorities, it was held that, upon the plainest principles of equity and fair dealing, the appellant was entitled to participate in the profits arising from the purchase and resale of the property.

In *Bank* v. *Cringan,* 91 Va. 347, 21 S. E. 820, it was held, that "An executory contract or agreement to form a part-

nership, to go into effect at a future day, does not consti-
tute a partnership;" and in *Sodiker* v. *Applegate,* 24 W.
Va. 411, 49 Am. Rep. 252, the opinion of the court says that,
in every partnership, there is a community of interest, but
every community of interest does not create a partnership.
There must be a joint ownership of the partnership funds
or a right of control over them, and also an agreement to
share the profits or losses arising therefrom.    See, also
*Henderson* v. *Henrie,* 68 W. Va. 562, 71 S. E. 172, 39 L. R.
A. (N. S.) 628, Ann. Cas. 1912, B. 318, and 29 A. & E. Enc.
L. 899, and authorities there cited.

The bill here contains a long recital of interviews between
the appellants, or one of them, and appellee, Dale Adkins,
acting for himself and the other appellees, but it is nowhere
claimed that an agreement was entered into having in view
the purchase of the "Spratley" land, to be owned equally
and jointly by the complainants and defendants.    The
allegation of the bill is that complainants were to have
the land and $2,000 worth of manufactured lumber upon
certain agreed terms, but no part of the timber or land
was to be owned jointly by the parties to this alleged agree-
ment, nor were the profits which might be realized from
the land or timber to be shared in any way between the
complainants and defendants, but each were to have a sepa-
rate and distinct piece of property—that is to say, the de-
fendants, E. S. Adkins & Co., were to purchase and pay
for the entire property and then sell the land, exclusive of
the timber, to complainants upon terms which seem never
to have been agreed on, and the bill does not call for an
accounting or settlement of partnership affairs between
the parties with respect to the land in question, but as
above stated, the relief asked is that the defendants be
compelled "to perform and comply with the provisions of
the alleged parol contract and agreement, and to receive
the sum of $20,000 for the tract of land in question known

as "Spratley" and $2,000 worth of manufactured lumber (to which complainants made claim under the contract) and to execute and deliver a proper deed for said property." In no part of the bill is to be found an allegation that the complainants and defendants have a mutual interest or joint partnership in this property, or that they were to have such an interest or partnership; nor is there alleged an essential element of an implied or resulting trust in favor of complainants. So that, upon any view that may be taken of the bill, it is plainly demurrable as being within the control of the sixth clause of the statute of frauds, section 2840 of Code, 1904; the contract sought to be specifically enforced being for the sale of real estate and not an express trust created by parol affecting the real estate in question.

Applying the foregoing well settled principles to the case before us, the conclusion is necessarily reached that the decree appealed from, sustaining the demurrer to the amended bill of the complainants and dismissing the same, is right and has to be affirmed.

*Affirmed.*