## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

J. W. FOWLKES v. LUCY D. WHITE, AND OTHERS.

March 20, 1924.

Absent, Burks, J.

1. JUDICIAL NOTICE—*Reliance of Wife upon Husband in Business Matters.*— That it was the habit of many women in the past to rely implicitly upon their husbands for attention to all of their business affairs is a matter of common knowledge.

2. VENDOR AND PURCHASER—*Parol Conveyance—Inconsistent Statements of Purchaser.*—In a partition suit a petitioner who claimed the land in question under a verbal contract of sale previous to the filing of her petition testified and at that time asserted no such claim. Her only explanation of this inconsistency was the suggestion that she was then ignorant of the facts of her own rights.

*Held:* That this was not incredible when it was shown that all her business affairs had been managed and controlled by her husband; and that they with their children occupied the land in question for many years without any question as to their ownership, though her alleged grantor lived in the same vicinity.

3. FRAUDS, STATUTE OF—*Vendor and Purchaser—Parol Grant—Part Performance.*—Petitioner in the instant case purchased an undivided interest in land. The contract was a verbal one and no deed ever passed between the parties. Subsequently, the grantor conveyed the land to another who had notice of the prior sale to the petitioner. Petitioner fully paid her grantor the consideration for the sale.

*Held:* That the case was controlled by the principles governing partly performed oral contracts for the sale of land; that petitioner was the equitable owner and entitled to a conveyance; and that the vendor and his subsequent grantee held as trustees for petitioner.

Appeal from a decree of the Circuit Court of Lunenburg county. Decree for petitioner. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Geo. E. Allen,* for the appellant.

*H. E. Lee* and *N. S. Turnbull, Jr.,* for the appellees.

Prentis, J., delivered the opinion of the court.

This litigation arises out of these circumstances:

A suit for the partition of a tract of about 162 acres of land was instituted, to which the appellant was made one of the defendants, as to whom the allegation was that he claimed or asserted some interest therein. He was called upon to assert and prove the precise nature and extent of the interest therein so claimed. He answered this bill asserting title to an undivided interest therein "which amounts to twenty-three and one-ninth acres," which he acquired from Peter M. White, whose record title thereto was good.

The cause was then referred to a commissioner. Thereafter Lucy D. White, appellee, filed her petition in the cause, asserting an equitable title to the land claimed by Fowlkes, the appellant. She alleged that on December 7, 1908, she entered into a verbal contract whereby she agreed with Peter M. White (Fowlkes' immediate grantor) to sell him another tract of land containing approximately forty acres for $400.00 which consideration was to be thus paid to her: $50.00 for all of his undivided right, title and interest in the land here in controversy now claimed by Fowlkes, his grantee, and the residue of the agreed price to be paid by him in deferred installments. That pursuant thereto White took possession of the land he thus bought from her, but never finished paying for it, and continued to occupy it until he sold and assigned

his right therein to one Theodore Kettler, who in 1911 subsequently sold his rights therein to Julia F. Martin, who finished paying these deferred installments of $350.00, and to whom she on March 15, 1915, conveyed the land so bought from her by Peter M. White. That Fowlkes, before he purchased the land in controversy on May 22, 1920, had notice that Peter M. White had no interest therein. She claimed that she, therefore, had good equitable title thereto.

Fowles answered this petition, denied all its material allegations and claimed to be a purchaser for value and without notice.

Upon the issue thus raised the commissioner reported in favor of Fowlkes, to which Lucy D. White filed exceptions. These exceptions were sustained, and a decree in favor of Lucy D. White was entered. She was held entitled to twenty-five and eight-ninths acres of land under her contract with Peter M. White, dated December 7, 1908, and Fowlkes was held not to be entitled to any interest therein as the grantee of Peter M. White, and a partition was directed. From this decree Fowlkes appeals.

[1, 2] The cause then presents an issue of fact. The chief circumstance which discredits Lucy D. White's contention is that before she filed her petition she testified and then asserted no such claim. She was then supporting the claim of her children that they had acquired this title by adverse possession. The only explanation of this inconsistency is the suggestion that she was then ignorant of the facts and of her own rights. This does not seem incredible when it is shown that all of her business affairs had been directly managed and controlled by W. T. White, her husband, who together with their children occupied the land as their joint home for many years without molestation or any

question as to their ownership thereof, though Peter M. White lived in the same vicinity. That it was the habit of many women of her generation to rely implicitly upon their husbands for attention to all of their business affairs is a matter of common knowledge. Upon every other controverted point the evidence is sufficient, indeed convincing, in her favor. There is an unsigned written memorandum, which was found after she had first testified, showing the terms of the agreement under which she claims her equitable title. This paper is not signed either by Lucy D. White or Peter M. White, but there are two subscribing witnesses thereto, W. T. White, the deceased husband of Lucy D. White, and Wilbur W. White, the son of Peter M. White, who witnessed the paper at his father's request. The testimony of Peter M. White feebly supports the adverse claim of Fowlkes, but contains many admissions which discredit it, while the testimony of the appellant himself shows that he had such notice as to defeat his claim that he was an innocent purchaser.

Our conclusion then is, that while Peter M. White had the legal title which he has conveyed to Fowlkes, the appellant, both are mere trustees for Lucy. D. White, who is the equitable owner of the land and is entitled to a conveyance because long ago she fully paid Peter M. White the consideration therefor.

The case is controlled by the principles governing partly performed oral contracts for the sale of land, which are stated in *Wright* v. *Pucket*, 22 Gratt. (63 Va.) 374; *Pierce's Heirs* v. *Catron's Heirs*, 23 Gratt. (64 Va.) 588, 598; *Boyd* v. *Cleghorn*, 94 Va. 780, 27 S. E. 574; *East* v. *Atkinson*, 117 Va. 494, 85 S. E. 468.

The agreement is certain and definite, the acts of part performance refer to, result from and were done pursuant to the contract proved; and this agreement has

been so far executed and so long and completely executed by Lucy D. White that a refusal of complete execution would operate as a fraud upon her and leave her in a situation which does not lie in compensation.

*Affirmed.*