# Staunton.

## A. A. McFADDIN v. M. E. McFADDIN.

September 17, 1925.

Absent, Prentis, P., and Campbell, J.

1. SPECIFIC PERFORMANCE—*Parol Contract to Convey Land—Requisites.*— In a suit for specific performance of a parol contract for the sale of land, where the statute of frauds is applicable, the court will not grant relief, unless the parol agreement relied upon was certain and definite in its terms; unless the acts proved in part performance refer to, result from, or are made in pursuance of the agreement proved; and the agreement must have been so far executed that a refusal of full execution would operate as a fraud upon the party complaining and place him in a situation which does not lie in compensation.

2. SPECIFIC PERFORMANCE—*Parol Contract for Sale of Land—Definiteness of the Contract—Case at Bar.*—In the instant case, a suit for specific performance of a parol contract for the sale of land, complainant and defendant both testified to a definite contract and their statements differed from each other only in respect to one item. From defendant's own testimony the court was led to the conclusion that the contract of sale was the contract testified to by complainant, and that it was never abrogated.

   *Held:* That the contract was sufficiently definite and certain to be enforced.

3. SPECIFIC PERFORMANCE—*Part Performance—Acts in Pursuance of the Contract—Case at Bar.*—In the instant case, a suit for specific performance of a parol contract for the sale of land, payments made by complainant to defendant and credits taken were directly in pursuance of the contract and such possession was taken as the nature of the case permitted.

   *Held:* That these acts of part performance were in pursuance of the contract of sale. While change of possession is in general necessary to support a suit for specific performance, where a sale is admitted and the status of the parties has so changed that it would work a fraud or irremediable injury, equity will sustain the sale and decree appropriate relief.

4. SPECIFIC PERFORMANCE—*Irremediable Injury—Case at Bar.*—In the instant case, a suit for specific performance of a parol contract of

sale, failure to decree specific performance would work a fraud upon complainant, or do her serious and irremediable injury, where payment had been made by complainant in full, except a small balance, and recovery of these payments was barred by the statute of limitations.

Appeal from a decree of the Circuit Court of Washington County. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*E. W. Potts, John W. Neal,* and *L. P. Summers,* for the appellant.

*Hutton & Hutton* and *White, Penn & Stuart,* for the appellee.

WEST, J., delivered the opinion of the court.

The bill in this case was filed by Mary E. McFaddin, appellee, against Abel A. McFaddin, appellant, for the purpose of enforcing specific performance of a parol contract for the sale of appellant's interest in 200 acres of land, known as the home place, in Washington county, Virginia. The court granted specific performance and appellant is here complaining.

Under the will of their father, J. B. McFaddin, who died in 1910, Mary E. McFaddin took in severalty the mansion house, on the home place, with yard and garden, one-half of the barn and one-half of the spring, "in consideration of money which I am due to her and which was paid into the place." Abel A. McFaddin took in severalty under the will the house he built thereon, including yard and garden, and the other

one-half of the barn and the other one-half of the spring. All the remainder of the farm was devised to Mary and Abel jointly, subject to the payment of a legacy of $900 to their married sister, Edna J. Fleenor, and a legacy of $900 to the infant children of their deceased brother,. Charles McFaddin, namely, James, Rhuby and Ada McFaddin.

Upon the death of their mother, Mrs. J. B. McFaddin, her "mountain farm" in Russell county descended to appellant, appellee and the children of Charles McFaddin, deceased, the children taking one-third and appellant and appellee one-third each.

The appellant complains first that the decree under review is not sufficiently definite and positive.

The decree is more general in its terms than is usual in such cases, but it is sufficiently specific to afford the relief prayed for. This assignment is, therefore, without merit.

The remaining assignment of error, and the one principally relied upon, is that the court erred in not denying the prayer of the bill and dismissing the same at the cost of the complainant.

[1] As decided by this court in *Wright* v. *Pucket*, 22 Gratt. (63 Va.) 370, and *East* v. *Atkinson*, 117 Va. 490, 493, 85 S. E. 468, and sustained by authorities there cited, in a suit for specific performance of a parol contract for the sale of lands, where the statute of frauds is applicable, the court will not grant relief, unless the following facts appear:

1. The parol agreement relied upon must be certain and definite in its terms.

2. The acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved.

3. The agreement must have been so far executed that a refusal of full execution would operate as a fraud upon the party and place him in a situation which does not lie in compensation.

The opinion of the learned judge, Hon. Henry W. Holt, who decided this case in the lower court, a copy of which is filed with the record, expresses so nearly our views that, with some slight modifications, we hereby adopt it as the opinion of this court, as follows:

[2] "1st. The contract must be certain and definite in its terms. Was it?

"Plaintiff's version thereof is set forth on page 3 of her deposition and is that she bought from her brother, A. A. McFaddin, his interest in the home place, and it was to pay him therefor her one-third interest in certain lands in Russell county (afterwards to be sold) and two-ninths of the interest of the three children of their dead brother, C. J. McFaddin, therein, or to state it differently, A. A. McFaddin, who owned this land, together with his sister, and the children of C. J. McFaddin, was to receive the entire proceeds thereof, less the interest of one of the C. J. McFaddin children. She was to pay two legacies of $900 each, one to Edna Fleenor and one to the children of C. J. McFaddin. There, two bequests were given in the father's will and plaintiff and defendant who took thereunder were required to pay them. They were made charges upon their interest in their father's estate given them by the will. It thus appears that of the $1,800 assured, plaintiff would have had to pay $900 anyhow.

"Defendant's statement as to what the contract was is set out on page 17 of his deposition. He says that he was to get the entire proceeds of the Russell county land and was to pay the plaintiff for their nephew, Jimmie, son of C. J. McFaddin, $400. Plaintiff was

to pay the legacies of Edna Fleenor and to C. J. Mc-Faddin's children noted above.

"When sifted down, the only difference between these litigants is that the defendant claims he was to get the entire proceeds arising from the sale of the Russell county land, less $400, while the plaintiff says that he was to get the proceeds therefrom, less a one-ninth interest. There is little difference between a parol contract admitted and a contract in writing.

"That there was a contract is certain. That the terms agreed upon were certain is also true. Both the plaintiff and defendant testify to a definite contract and their statements differ from each other only in respect to one item.

"A. A. McFaddin says that his sister repudiated it just before the sale of the Russell county land, and that this repudiation was made with 'bitterness.' See page 6 of his deposition.

"If this bitterness has been manifested and the contract broken by Miss McFaddin in the manner testified to by her brother, it is hardly probable that she would then have loaned to him without security all that came to her from the sale and that she should never thereafter have demanded interest, and that he should never have offered to pay any.

"The court is, therefore, led to the conclusion that the contract of sale was the contract testified to by Miss McFaddin, and that it has never been abrogated.

[3] "2nd. Were the acts of part performance relied upon made in pursuance of the contract? They were. The sale of the Russell county land was on its face made upon petition of infants by Miss McFaddin, their aunt, who owned as we have seen a one-third interest therein, but she also was interested in it that she might apply her interest in the proceeds to amount,

due her brother on her purchase. Payments made by her to her brother and credits taken were made directly in pursuance of the contract and such possession was taken as the nature of the case permitted.

"In the argument the question of possession was presented ably and in great detail. It was said that change of possession is necessary in order to support a suit for specific performance and that as between joint tenants there could be no such change where the tenant purchasing was already in possession of an undivided interest. This is the general law. In this case the sister was given under the will the mansion house, yard, etc., of the father in fee. She was given a one-half interest in a barn and a one-half interest in a spring and she was given an undivided one-half interest in the remainder of the home place jointly with her brother, the defendant. The defendant on his part was given the home which he had built on a part of this McFaddin home place in fee. He was given also a half interest in said barn and said spring and in the residue of their father's Washington county farm he was given a joint interest with his sister, the plaintiff. The sister had possession of the farm before her purchase, and the only outward evidence of change of status resulting from the sale was that she took possession of the brother's residence which he held, as we have seen, in fee under her father's will. If it be conceded that change of possession as a general thing is necessary, in order to establish an enforceable parol contract for the sale of land, this court is of opinion it is not necessary under the peculiar facts of this case. There had been a partial change. But after all, this is merely evidential. The courts say in substance that we will not let A come into court and say that B has sold him Blackacre, and decree Blackacre

to him, when B answers there has been no sale and he has been in possession of Blackacre continuously. In this case the sale is admitted, and if a sale is admitted and if the status of the parties has so changed that it would work a fraud or irremediable injury, equity will sustain it and will decree appropriate relief.

[4] "3rd. We come to the last proposition, therefore, to be considered in suits of this character. Would failure to decree specific performance in the circumstances as they have been shown to exist by this record, work a fraud upon the plaintiff, or do her serious and irremediable injury, or are the facts such that conceding the contract to have been established she can be adequately compensated in damages for any breach thereof?

"She stated that the Russell county land was sold in order to carry out her contract, and that she cannot now recover it or measure damages occasioned by the sale. That she acquiesced in this sale is entirely true. That she desired it is also true. But it is also true that it was to the interest of her ward, and since it was to the interest of her ward it would have been her duty to act for it, no matter how it might have affected her individual interest, and would doubtless have been made whether there had been any sale to the brother or not. As to values, we are not able from the record to find that there have been any major changes. It is a matter of common knowledge that farms and farming interests in this section of our country are back upon a pre-war basis. This brings us to a consideration of the payments made. They were made in money and have been made in full, except a small balance which the defendant has refused to accept. It may be said in passing that an offer has been made to pay this balance into court, if the court deemed it necessary, but.

it does not. The dates of these several payments are not shown with exactness by the record, certainly some of them are not, but they were made long ago. The father died in 1910 and the Russell county land was sold in the fall of 1913.

"Ordinarily, the foregoing state of facts would warrant the court in entering a judgment directing the payment to the plaintiff of the money paid by her to the defendant on account of her purchase and in declaring the same a lien upon the land in controversy. But in the answer filed herein is the following declaration:

" 'Said defendant further specifically pleads the statute of limitations of three years to any and all amounts of money or moneys which have been received by this defendant from said complainant, or which may have been paid by complainant for this defendant; and this defendant further pleads the statute of limitations of five years as to the enforcement of the alleged contract as set out in the bill.'

"Thus in its last analysis it appears that this defendant would keep the land and the money, too.

"It is true that during the course of the argument of this cause, when the court pointed out the lack of equity in this position, defendant's counsel said they would waive this plea, provided the plaintiff would agree not to hereafter interpose any plea of the statute of limitations in any settlement that she might have to make, to which plaintiff's counsel answered: 'We will make no bargain with you;' and so the matter rests.

"For the foregoing reasons, this court is of the opinion that the plaintiff, upon the payment of the balance due her, is entitled to specific performance of the contract testified to by her, and it will be so ordered."

*Affirmed.*