𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NORFOLK AND PORTSMOUTH TRACTION CO. v. C. B. WHITE & BROS., INC.

January 18, 1912.

1. VENDOR AND PURCHASER—*Possession as Notice—Object of Proviso to Section 2465 of Code.*—The rights of a vendee of an interest in land of greater extent than a term of five years, under a verbal contract, and who has paid the purchase price and is in possession, are inferior to those of a subsequent grantee of the land, who has no other evidence of the former's title than his possession. The object of the proviso annexed to section 2465 of the Code was to abolish the common law doctrine that the possession of real estate was notice of the rights of the possessor.

2. STATUTES—*Office of Proviso—Extent of Qualification.*—As a general rule, the appropriate office of a proviso is to restrain or modify the enacting clause or preceding matter, and a proviso to a particular section does not apply to other sections. But if, from the context, and a comparison of all the provisions relating to the same subject matter, it is clear that it was intended to give the proviso an effect beyond the phrase immediately preceding it, or a scope beyond the section of which it is a part, it will be construed as qualifying or restraining preceding sections relating to the same subject matter of the proviso, or as tantamount to the enactment of a separate section, without regard to its position and connection.

3. VENDOR AND PURCHASER—*Possession as Notice—Proviso to Section 2465 of Code—Application to Unwritten Contracts Mentioned in Section 2463.*— The proviso annexed to section 2465 of the Code, "that the possession of any such estate or term, without notice of other evidence of title, shall not be notice to said subsequent purchasers for valuable consideration," applies to the possession of a prior purchaser of land, whether his purchase was under an unwritten contract (such as is mentioned in section 2463), or under a written instrument (such as is described in section 2465).

4. CONTRACTS—*Real Estate—Right of Way—Code, Sections 2463 and 2465.*— A parol contract for the purchase of a right of way for a street railway over a strip of land is a contract "made in respect to real estate" within the meaning of sections 2463 and 2465 of the Code.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Williams & Tunstall* and *Henry W. Anderson,* for the appellant.

*Tazewell Taylor,* for the appellee.

Buchanan, J., delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to an amended bill, filed by the appellant, to restrain the appellee from prosecuting an action of ejectment to recover a small strip of land, over which the appellant alleges that it has a perpetual right of way, acquired under a parol purchase from D. C. Foreman, who subsequently sold and conveyed the land over which the right of way passes to the John L. Roper Lumber Company, which company conveyed the land to the appellee.

The ground relied on to obtain the relief sought is that, when the appellee acquired title to the land, it had notice of the appellant's rights therein, by reason of a provision in the deed of the appellee, and the fact that the appellant was in possession of the right of way and was operating its street-car line over it at that time.

The appellee's deed contains the following statement—viz.: "It is the intention of this deed to convey unto the parties of the second part all of the property acquired by the said party of the second part, by a certain deed made to it by D. C. Foreman and wife, dated on the 18th day of April, 1902, and of record in the office of the clerk of the Corporation Court of the city of Norfolk, Virginia, in Deed Book 134–B, page 222, to which reference is hereby made as part hereof, together with any additional rights, privileges, or appurtenances, obtained after the execution of the said deed, by virtue of the change of the Port Warden's Line, as made and adopted by the Board of Harbor Commissioners, on the 11th day of July, 1904, and subject to any easements (if any)

acquired by the Berkley Street Railway, by virtue of its occupancy of a part of said property, as shown on said plat, with its street railroad, the said party of the first part having given the said Berkley Street Railway no right so to occupy, or made no conveyance to it of any interest therein."

"The party of the first part covenants that it is seized in fee simple of the aforesaid property; that the same is free from encumbrances; that it will execute such further assurances thereof as may be requisite and necessary, and that it will warrant generally the title thereto."

The only effect of the language quoted, as we construe it, and as seems to be conceded by the petition of the appellant for the appeal, when read in connection with the deed of Foreman to the appellee's grantor, which neither reserved nor made mention of the appellant's right of way, was, so far as it affects this case, to give notice to the appellee that the appellant was in the possession of a part of the land conveyed. The question, therefore, to be determined upon this appeal is whether or not a vendee of an interest in land of a greater extent than a term of five years, under a verbal contract, who has paid the purchase price and is in possession of such interest, has superior rights to a subsequent grantee of the land, who has no other evidence of the former's title than his possession.

The decision of this question depends upon the effect of the proviso to section 2465 of Pollard's Code (1904). If, as contended by the counsel of the appellant, that proviso only applies to possession taken under such contracts as are mentioned in section 2465, and not to possession taken under such contracts as are described in section 2463, then the amended bill stated a case entitling the appellant to the relief sought.

Sections 2463, 2464, and 2465 of the Code are as follows:

"Sec. 2463. *Contracts in consideration of marriage, or for the sale of real estate, and so forth, void as to creditors and purchasers, unless in writing.*—Every contract, not in writing, made, in respect to real estate or goods and chattels, in consideration of marriage, or made for the conveyance or sale of real estate, or a term therein of more than five years, shall be void, both at law and in equity, as to purchasers for valuable consideration without notice, and creditors."

. "Sec. 2464. *If in writing and recorded, as valid as deeds.*—Any such contract, if in writing, shall, from the time it is duly admitted to record, be, as against creditors and purchasers, as valid as if the contract was a deed conveying the estate or interest embraced in the contract."

"Sec. 2465. *Contracts, deeds, and so forth, that are void as to creditors and purchasers unless recorded.*—Every such contract in writing, and every deed conveying any such estate or term, and every deed of gift, or deed of trust, or mortgage, conveying real estate or goods and chattels, and every bill of sale or contract for the sale of goods and chattels, when the possession is allowed to remain with the grantor (and any such bill of sale or contract shall be in writing and signed by the vendor), shall be void as to subsequent purchasers for valuable consideration without notice, and creditors, until and except from the time that it is duly admitted to record in the county or corporation wherein the property embraced in such contract, deed, or bill of sale may be: *provided, that the possession of any such estate or term, without notice of other evidence of title, shall not be notice to said subsequent purchasers for valuable consideration.*"

As will be observed, section 2463 relates to contracts not in writing, while the provisions of sections 2464 and 2465 relate to written instruments.

Those sections are the same now as they were when the case of *Chapman* v. *Chapman*, 91 Va. 397, 21 S. E. 813, 50 Am. St. Rep. 846, was decided, except the language italicized in section 2465.

That section was amended by adding that language after the decision in the case of *Chapman* v. *Chapman*, 91 Va. 397, 21 S. E. 813, 50 Am. St. Rep. 846, was rendered. (Acts of Assembly 1895–'6, 842; 1897–'8, p. 833, and 1899–1900, p. 89.)

In that case it was held that a purchaser for value of real property in the possession of another was put upon his inquiry as to the rights of the one in possession, and is affected with knowledge of whatever rights such possessor has, and such knowledge was held to be the same in effect as the notice which is imputed by the registry laws. The object of that amendment of section 2465 as generally understood by the courts and the legal profession was to abolish the common law doctrine of *Chapman* v. *Chapman*

14

and to provide that the possession of such estate or term, without notice of other evidence of title in such occupant, should not be notice to such subsequent purchaser for valuable consideration.

The contention of appellant's counsel is that the proviso in question only applies to a possession under a written instrument, such as is described in section 2465, of which the said proviso is a part, and that the common law doctrine of *Chapman* v. *Chapman* is still in force as to contracts (unwritten) mentioned in 2463.

The general rule undoubtedly is that the appropriate office of a proviso is to restrain or modify the enacting clause or preceding matter, and that a proviso to a particular section does not apply to other sections. But if, from the context, and a comparison of all the provisions relating to the same subject matter, it is clear that it was intended to give the proviso an effect beyond the phrase immediately preceding it, or a scope beyond the section of which it is a part, it will be construed as restraining or qualifying preceding sections relating to the same subject matter of the proviso, or as tantamount to the enactment of a separate section, without regard to its position and connection. *Wartensleben* v. *Haithcock*, 80 Ala. 565, 1 South. 38; *Mayor* v. *Cumberland*, 34 Md. 381; *U. S.* v. *Babbit*, 1 Black. 55, 61, 17 L. Ed. 94; *Railroad Co.* v. *Smith*, 128 U. S. 174, 181, 9 Sup. Ct. 47, 32 L. Ed. 377; *U. S.* v. *Whitridge*, 197 U. S. 135, 143, 25 Sup. Ct. 406, 49 L. Ed. 696.

One of the objects of section 2463 was to abolish the doctrine of *Floyd* v. *Harding*, 28 Gratt. (69 Va.) 401, and to place a purchaser of land under a parol contract, as to purchasers for valuable consideration without notice, and creditors, in the same condition as purchasers under a writing who had failed to register it as provided by sections 2464 and 2465. All three sections were intended to render more nearly perfect our registry laws, and might very properly have been embraced in one section. Sections 2464 and 2465 are so connected with and dependent upon section 2463 that they must be read with it in order to ascertain what is meant by the terms "any such contract" and "every such contract in writing," as used in those sections, respectively. It is clear that before the proviso was added to section 2465 a person in possession of land under a contract not in writing and one in

possession under a contract in writing not recorded, were in the same condition as to subsequent purchasers for valuable consideration without notice, and creditors.

The doctrine of *Floyd* v. *Harding, supra,* having been abolished, there is no reason why the possession of a purchaser of land under a contract not in writing should have any greater weight as evidence in determining the good faith of a subsequent purchaser than the possession of a purchaser under a written contract. There was not only no reason when the proviso was enacted why it should not apply alike to the possession of both classes of purchasers, but, unless it be so construed, it will fail to accomplish one of the objects for which, as before stated, it was passed—viz., to abolish the common law doctrine of *Chapman* v. *Chapman, supra,* for in that case the prior purchaser was in possession under a contract not in writing.

For the foregoing reasons, the court is of opinion that the proviso in question was intended to apply, and should be construed as applying, to the possession of a prior purchaser of land, whether his purchase was under an unwritten contract (such as is mentioned in section 2463), or under a written instrument (such as is described in section 2465).

The court is further of opinion that the contract set up by the appellant was a contract "made in respect to real estate," within the meaning of sections 2463 and 2465 of the Code. 2 Minor on Real Property, secs. 97, 100; 2 Minor's Inst. 28.

It follows, from what has been said, that the court is of opinion that there is no error in the decree complained of, and that it must be affirmed.

*Affirmed.*