## Monument Associates, et al.

### v.

## Arlington County Board, et al.

Record No. 901308

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, Lacy, and Hassell, JJ.

---

* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*William T. Freyvogel (Kevin V. McAlvey; Adams, Porter & Radigan*, on briefs), for appellants.

*Peter H. Maier, Assistant County Attorney (Charles G. Flinn, County Attorney*, on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

In this appeal from the denial of an application for relief from claimed erroneous assessments of local taxes, we consider whether the trial court correctly ruled that the taxpayer had failed to carry its burden to prove the assessments were "invalid or illegal," as required by the applicable statute.

In December 1987, appellants Monument Associates, Olympia & York Equity Corp., and NF Associates #9 (collectively, the taxpayer) filed an Application for Relief under Code § 58.1-3984 against the Arlington County Board and its Commissioner of Revenue (collectively, the County) seeking correction of assessments made against the taxpayer in the total amount of $100,374.73 for business license taxes in the years 1984, 1985, and 1986. The par-

ties filed a detailed stipulation of facts and, after a May 1990 bench trial, the court below denied the relief sought, ruling that the assessments were correct. We awarded the taxpayer this appeal from the June 1990 final order.

The taxpayer, composed of three partnerships, was formed in 1981 to engage in real estate development in Arlington County. Pursuant to the County code, the taxpayer obtained business licenses for each tax year beginning in 1981. The taxpayer paid the applicable business license taxes each year to the County based upon its "gross receipts," as required by the applicable ordinance.

In May 1987, following a tax audit, the County assessed additional business license taxes, the subject of this controversy. These additional assessments were based on the County's determination that, for the tax years in question, the taxpayer should have used the "accrual" method of accounting, rather than the "cash" method, for reporting gross receipts for business license purposes.

■ The portion of the ordinance in issue, codified in § 11-1(f) of the County code, provided:

"The calculation of gross receipts for license tax purposes shall be on either a cash or *actual* basis, provided, however, that the basis used must coincide with the system of accounts used by the taxpayer and the method employed by the taxpayer for federal and state income tax purposes." (Emphasis added.)

The following pertinent facts are undisputed. During each of the tax years in question, the taxpayer used the accrual method of accounting in filing its federal and state income tax returns. During the same period, the taxpayer used the cash method of accounting in reporting its gross receipts for County business license tax purposes.

According to the testimony, the accrual method of accounting for the purposes of gross receipts involves recording of receipts on the day upon which the right to receive them accrues. The testimony also showed that the cash method of accounting involves recording items of income and expense on the day the funds are actually received or disbursed. The evidence also revealed that, considering the nature of the taxpayer's business, there was a "vast difference" between use of the two methods for business license tax purposes.

In conducting the audit resulting in the additional assessments, the County used the accrual method. The parties stipulated that if the accrual method was the correct method to apply to the calculation of the taxpayer's gross receipts for business license purposes, then the County's additional assessments were correct. The parties also stipulated that if the cash method was the correct method to use in making such calculations, then the additional assessments were incorrect.

In the course of its decision, the trial court determined as a matter of fact that the County Board in 1949, and again in 1978, had approved the words "cash or actual basis" in adopting the ordinance. The court rejected the County's contention that use of the word "actual" in the published versions of the ordinance was a mere typographical error and that "accrual" was the word really adopted.

Nevertheless, the trial court ruled that the taxpayer had failed to establish that the assessments were "invalid or illegal," as required by Code § 58.1-3984 for it to be entitled to relief. The court reasoned that assessment of the tax was controlled by the proviso in the ordinance. Thus, according to the ruling, because the taxpayer had used the accrual method in reporting federal and state income taxes, then it was required to report gross receipts for County business license tax purposes on the accrual basis.

■ On appeal, the taxpayer, recognizing the fundamental rule in this type of case that a rebuttable presumption exists in favor of the validity of a tax assessment, contends that the trial court allowed the County to make assessments "that clearly violated the express language of the adopted ordinance." Noting that the cash basis system of accounting treats as income only that which is actually received and as expense only that which is actually paid out, the taxpayer argues that the obvious intent of the County Board in adopting "cash or actual" language was "to require taxpayers to report actual, cash receipts during the applicable tax period." The taxpayer contends that the term "actual" is a more generic, less technical synonym for the term "cash," reinforcing the County's expressed intent that gross receipts be reported on a cash basis. Thus, according to the taxpayer, the trial court "effectively rewrote the applicable requirements of Section 11-1(f)," forcing the taxpayer to file the business license returns "in a manner clearly not specified in the Code."

Additionally, the taxpayer argues, the trial court erred in allowing the proviso to override the "cash or actual" requirement in the first clause. Contending that the proper role of a proviso is to limit the language that precedes it, rather than create requirements beyond the language, *see Dan River Mills, Inc.* v. *City of Danville*, 194 Va. 654, 657, 75 S.E.2d 72, 74 (1953), the taxpayer argues that the trial court should have read the clear and unambiguous language of the ordinance as written and should have ruled that the actual, cash basis was the proper method of calculation. We do not agree with the taxpayer's contentions.

■ In our opinion, the controlling clause in the ordinance is the proviso. It clearly requires that the basis used for the calculation of gross receipts for business license tax purposes "must coincide" with the system of accounts and the method employed by the taxpayer for reporting federal and state income taxes. The proviso in this legislation does not purport to qualify or limit the language in the first clause. Rather, the language of the proviso contains a separate, independent requirement for reporting gross receipts for business license tax purposes. *See Norfolk & Portsmouth Traction Co.* v. *C.B. White & Bros., Inc.*, 113 Va. 102, 106, 73 S.E. 467, 468 (1912).

■ The interpretation of the ordinance urged by the taxpayer, as the County points out, "literally reads right out of the ordinance the language concerning the requirement of coincidence with the method used for federal and state taxes." This interpretation advanced by the taxpayer violates the settled rule of statutory construction that an enactment should be interpreted, if possible, in a manner which gives meaning to every word. *See Gallagher* v. *Commonwealth*, 205 Va. 666, 669, 139 S.E.2d 37, 39 (1964).

■ Our interpretation of the ordinance, of course, fails to give meaning to the words "cash or actual," which the trial court has found as a fact were the "adopted, enacted and published" words, and appears to violate the foregoing rule of statutory construction. But there is an important corollary to the rule. While courts must give effect, if possible, to every word of an enactment, if words be found in an enactment which appear to have been inserted through mistake or inadvertence, and which are incapable of any sensible meaning, and are repugnant to the remainder of the enactment and tend to nullify it, the words will be treated as surplusage, if the ordinance is complete and sensible without them. *Burnette* v. *Commonwealth*, 194 Va. 785, 788-89, 75 S.E.2d 482,

484-85 (1953); *Looney* v. *Commonwealth*, 145 Va. 825, 831-32, 133 S.E. 753, 754-55 (1926); *Postal Telegraph-Cable Co.* v. *Farmville & Powhatan R.R. Co.*, 96 Va. 661, 665, 32 S.E. 468, 470 (1899).

■ Use of the words "cash or actual" makes the first clause of the ordinance nonsensical. In the context of the ordinance, the clause literally provides that the calculation "shall be on either a cash or cash basis." Such language is repugnant to the remainder of the sentence and is incapable of any sensible meaning. Therefore, applying the rule's corollary, we will reject the words "cash or actual" as surplusage.

■ This construction of the ordinance makes its meaning clear and consistent with the obvious legislative intent that the basis for calculation of gross receipts for license tax purposes must be congruent with the basis employed by the taxpayer for income tax purposes.

Also, the taxpayer contends that a focus solely on the "method" employed by it in filing its income tax returns ignores the clause of the proviso which refers to the "system" of accounts used by the taxpayer. It points out that the testimony showed the taxpayer's day-to-day system of accounts employed a "modified cash" basis. The taxpayer says that a narrow interpretation that the "method" language controls in all respects ignores the "system" language and thus fails to give meaning to every word in the ordinance. We reject this contention.

■ Even though the taxpayer's evidence showed that the system used to maintain its daily financial records employed a modified cash basis, the taxpayer's testimony also revealed that "the system of accounts" employed in filing federal and state income taxes was on the accrual basis. Thus, the record establishes that both the taxpayer's "system" and its "method" employed the same basis, the accrual basis.

■ Finally, we reject the taxpayer's remaining contention that the doctrine of estoppel should be applied to bar these additional assessments. The taxpayer says the record shows that all published versions of the Arlington County Code since at least 1978 have contained the "cash or actual" language in the text of § 11-1(f) and that the Commissioner of Revenue's office has known of the "problem" since 1983 but failed to take any corrective action to warn taxpayers up to the time of trial. Indeed, the County's Chief Deputy Commissioner of Revenue testified that the assump-

tion that a typographical error existed had "been folklore in the office for years." Nevertheless, we adhere to our established precedent that the doctrine of estoppel does not apply against the State or its political subdivisions when they act in a governmental capacity, *Westminster-Canterbury* v. *City of Virginia Beach*, 238 Va. 493, 503, 385 S.E.2d 561, 566 (1989), and refuse to invoke the doctrine here.

Consequently, we hold that the trial court did not err in ruling that the taxpayer failed to carry its burden to prove that the additional assessments were "invalid or illegal." Thus, the order dismissing the Application for Relief will be

*Affirmed.*