## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County

    v.

Shah A. Ofogh

August 25, 2005

Case No. (Criminal) 17153

BY JUDGE JAMES H. CHAMBLIN

    This case came before the Court for trial without a jury on June 10, 2005. The defendant is charged with reckless driving by speed (57/25). The defendant had been found guilty of the charge in the Loudoun County General District Court. He appealed to this Court. At the conclusion of the County's evidence, the defendant moved to strike the evidence arguing that the section of the Codified Ordinances of Loudoun County under which the defendant was charged has no application in Loudoun County, which is where the County's evidence clearly shows that the offense allegedly occurred.

    After consideration of the evidence, the response from the County Attorney about the ordinance section in question (obtained with the consent of the parties), the argument of counsel on June 10, 2005, and the memoranda filed thereafter, the motion to strike is denied.

    On March 8, 2005, Deputy C. F. Turner issued the defendant a summons for "Reckless by Speed (57/25 mph)." The summons states that it was issued for a violation of county law § 46.2-862/422.01. It can only be interpreted as an alleged violation of the Virginia reckless driving by speed (specifically at a speed in excess of 20 miles per hour or more in excess of a speed limit of 30 miles per hour or less) statute, Va. Code § 46.2-862, which is incorporated into the Traffic Code of Loudoun County, being a part of the Codified Ordinances of Loudoun County, by § 422.01 of the Ordinances, as allowed by Va. Code § 46.2-1313.

Contrary to what the County argues in its memorandum, it is clear that the defendant is charged with a county traffic code violation. There is no need to remand this case to the General District Court to determine whether it is a state statute or county ordinance violation.

Also, the defendant is not arguing that Va. Code § 46.2-862 (the state reckless driving by speed statute) was not properly incorporated into the Codified Ordinances of Loudoun County. In his reply memorandum, the defendant concurs that § 422.01 of the Codified Ordinances properly incorporates the state statute, Va. Code § 46.2-862.

The defendant's argument is really quite simple. It is based on § 420.02 of the Codified Ordinances, which states:

> The provisions of the Traffic Code, with the exception of Chapters 424, 482, and 486, *shall not be applicable within the corporate limits of any incorporated town or county.*

(Emphasis supplied.)

Section 420.02 was adopted by the Board of Supervisors in 1980. It has not changed since its adoption. Chapters 424, 482, and 486 have no application to this case.

If a statute or an ordinance is clear and unambiguous, then a court must give it its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321 (1985); *McClung v. County of Henrico*, 200 Va. 870, 875 (1959).

A statute or ordinance should be interpreted, if possible, in a manner which gives meaning to every word. *Monument Associates v. Arlington County Board*, 242 Va. 145 (1991).

This issue should be decided based upon the grammatical structure of the sentence comprising § 422.02, and not on the Defendant's assertion that the words mean that the Loudoun County Board of Supervisors intended by the ordinance that the County Traffic Code would not be applicable in Loudoun County.

It is obvious that no governing body would deliberately and intentionally adopt a Traffic Code and then adopt an ordinance that makes the Traffic Code not applicable in the jurisdiction of that governing body. Such an interpretation would be absurd.

It is obvious that the last two words, "or county," were added to the ordinance by mistake or by inadvertence or by typographical error. But then again, maybe they were not because the Board intended that the Traffic Code would not apply if there ever were corporate limits of a county in Loudoun County.

In § 422.02, the word "county" does not stand alone so that one could read it to say "shall not be applicable within . . . any county." This ignores the grammatical structure of the ordinance. The ordinance says that the Traffic Code "shall not be applicable within the corporate limits of any incorporated town or county." It refers to the "corporate limits of any . . . county." The words "corporate limits of" cannot be separated from "any" and "county."

Counties do not have corporate limits. There is no evidence that Loudoun County has corporate limits, or that the alleged offense may have occurred within such corporate limits. The Defendant admits in his initial memorandum that, "although the Commonwealth has long recognized the formation and existence of incorporated cities and towns, the Commonwealth does not, and has never, provided for the creation, formation, or existence of incorporated counties."

The Defendant argues that it would have been implausible for the Board of Supervisors to have anticipated or intended the word "county" to mean anything other than its plain meaning. The Defendant urges me to ignore the other words linked to "county" in the ordinance, specifically "corporate limits of." As absurd or implausible as it may be, I think it is much less absurd that the Board intended to exclude the Traffic Code from "the corporate limits of any . . . county" (if such were ever to exist) than to have adopted a Traffic Code and then make it not applicable to Loudoun County.

This case shall be placed on the docket for September 9, 2005, at 9:00 a.m. for the scheduling before me of the continuation of the trial.